

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,025-01

### EX PARTE JACOB SCOTT YOUNKER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 06-DCR-045589 HC1 IN THE 268TH DISTRICT COURT
### FROM FORT BEND COUNTY

*Per curiam.*  NEWELL, J., not participating.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of less than one gram of cocaine, and was sentenced pursuant to Section 12.44(a) of the Texas Penal Code to seventy-five days in county jail. He did not appeal his conviction.

Although Applicant has discharged his sentence in this case, he has alleged that he is suffering collateral consequences from this conviction sufficient to allow this Court to consider his claims by way of habeas corpus. *Ex parte Harrington*, 310 S.W.3d 452 (Tex. Crim. App. 2010).

Applicant contends that he was denied due process because the lab tech who tested the evidence seized in this case was Jonathan Salvador, who has since been discredited based on misconduct. The trial court conducted a habeas hearing, and determined that the inference of falsity in this case has not been sufficiently rebutted by the State. *See Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014). The trial court entered findings of fact and conclusions of law, recommending that relief be granted.

The trial court's original findings of fact, conclusions of law, and recommendation were entered without the benefit of this Court's opinion in *Ex parte Barnaby*, 475 S.W.3d 316 (Tex. Crim. App. 2015), in which this Court held that materiality of false evidence in the context of a guilty plea should be examined under the same standard used to assess materiality of counsel's deficient performance in the context of a guilty plea: if the applicant had known that the evidence was false (i.e., "but for" the false evidence), he would not have pleaded guilty but would have insisted on going to trial.

On April 6, 2016, this Court remanded to the trial court to address whether Applicant would have pleaded guilty in this case had he known that the lab report contained false information. Applicant submitted an affidavit in which he stated that he would not have pleaded guilty in this case had he known that the lab report contained false information, but would have insisted on going to trial on the charges. The trial court heard arguments from the parties, and entered supplemental findings of fact and conclusions of law, again recommending that relief be granted.

Applicant is entitled to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985). Relief is granted. The judgment in Cause No. 06-DCR-045589 in the 268th District Court of Fort Bend County is set aside, and Applicant is remanded to the custody of the Sheriff of Fort Bend County to answer the charges as set out in the indictment. The trial court shall issue any necessary

bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: October 19, 2016
Do not publish